UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

MAURO S. NAVA,

    Plaintiff,

v.      Civ No. 23-543 GJF

CLINICA LA ESPERANZA and
ROLANDO FLORES,

    Defendants.

## MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

Plaintiff, who is proceeding *pro se*, filed his Complaint using the form "Complaint for a Civil Case Alleging Breach of Contract (28 U.S.C. § 1332; Diversity of Citizenship)." *See* Doc. 1, filed June 26, 2023 ("Complaint"). The only factual allegations in the Complaint state that Plaintiff and Defendants made a contract on June 13, 2017, under which the parties were required to "obey the New Mexico laws" and Defendants failed to comply with the contract because of "fraudulent misrepresentation." *Id.* at 4. Plaintiff seeks the following relief: "void original contract and pay $900,000 punitive damages." *Id.* at 4.

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction."); *Evitt v. Durland*, Civ. No. 00-6130, 2000 U.S. App. LEXIS 29783, at *2 (10th Cir. 2000) (unpublished) (observing that "even 'if the parties do not raise the question' themselves, it is our duty to address the apparent lack of jurisdiction sua sponte" (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir. 1988))).

It appears the Court should dismiss this case because the Complaint does not show that Court has jurisdiction over this matter.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  The Complaint states the basis for jurisdiction is diversity of citizenship.  *See* Compl. at 1-2.  To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000."  *Symes v. Harris,* 472 F.3d 754, 758 (10th Cir.2006).  The Complaint does not show there is diversity jurisdiction because Plaintiff and Defendants are citizens of New Mexico.  *See id.* at 1–3.  There is no properly alleged federal question jurisdiction because there are no factual allegations showing that this action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The Court orders Plaintiff to show cause why the Court should not dismiss this case for lack of jurisdiction.  If Plaintiff asserts that the Court has jurisdiction over this case, Plaintiff must file an amended complaint alleging facts that support the Court's jurisdiction over this case. The amended complaint must also contain sufficient factual allegations showing that Plaintiff is entitled to relief.  *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

**IT IS ORDERED** that Plaintiff shall, within 21 days of entry of this Order, show cause why the Court should not dismiss this case for lack of jurisdiction and file an amended

complaint. Failure to timely show cause and file an amended complaint may result in dismissal of this case.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE