IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MAURO S. NAVA,

    Plaintiff,

v.                                         No. 1:23-cv-00543-KWR-GJF

CLINICA LA ESPERANZA and
ROLANDO FLORES,

    Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff, who is proceeding *pro se*, filed his Complaint using the form "Complaint for a Civil Case Alleging Breach of Contract (28 U.S.C. § 1332; Diversity of Citizenship)."  *See* Doc. 1, filed June 26, 2023 ("Complaint").  The only factual allegations in the Complaint state Plaintiff and Defendants made a contract on June 13, 2017, under which the parties were required to "obey the New Mexico laws" and Defendants failed to comply with the contract because: "fraudulent misrepresentation."  Complaint at 4.  Plaintiff seeks the following relief: "void original contract and pay $900,000 punitive damages."  Complaint at 4.

United States Magistrate Judge Gregory J. Fouratt notified Plaintiff that as the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction and stated:

> It appears the Court should dismiss this case because the Complaint does not show that Court has jurisdiction over this matter.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").  The Complaint states the basis for jurisdiction is diversity of citizenship.  *See* Compl. at 1-2.  To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000."  *Symes v. Harris,* 472 F.3d 754, 758 (10th Cir.2006).  The Complaint does not show there is diversity jurisdiction because Plaintiff and Defendants are citizens of New

Mexico.  *See id.* at 1-3.  There is no properly alleged federal question jurisdiction because there are no factual allegations showing that this action "aris[es] under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

Order to Show Cause at 1-2, Doc. 3, filed June 27, 2023.  Judge Fouratt ordered Plaintiff to show cause why the Court should not dismiss this case for lack of jurisdiction and to file an amended complaint alleging facts that support the Court's jurisdiction over this case.  *See* Order to Show Cause at 2-3 (notifying Plaintiff that failure to timely show cause and file an amended complaint may result in dismissal of this case).  Plaintiff did not show cause or file an amended complaint by the July 18, 2023, deadline.

The Court dismisses this action without prejudice for lack of subject-matter jurisdiction because: (i) the Complaint does not allege facts supporting jurisdiction; (ii) Plaintiff did not show cause why the Court should not dismiss this case for lack of jurisdiction; and (iii) Plaintiff did not file an amended complaint alleging facts that support jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

**IT IS ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE.**

                                             **KEA W. RIGGS**
                                             **UNITED STATES DISTRICT JUDGE**